**Order entered November 19, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01092-CR

## KENNETH WATTS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

### On Appeal from the 265th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F-1776274-R

## ORDER

On April 18, 2019, appellant's counsel filed a motion to supplement the record on appeal with the complete State's Exhibit 2 that was admitted at trial. According to counsel, he realized the exhibit was incomplete while preparing his brief. Specifically, he noticed that the exhibit contained only "five video clips." The court reporter had labeled the clips as State's Exhibits 2A, 2B, 2C, 2D, and 2E, although the State did not assign these labels to these clips at trial. Rather, at trial, the prosecutor referred to the video clips by channel number and the "last numbers" or "ending number."

According to appellant's counsel, he contacted the court reporter and requested a complete copy of State's Exhibit 2. Appellant asserts that, the next day, the court reporter

provided him with a copy of State's Exhibit 2, which contained Exhibits 2A through 2E as well as an additional forty-six video clips.

On April 23, 2019, this Court ordered Official Court Reporter Joseph E. Phillips, who has since retired, to file "a complete copy of the video exhibit admitted as State's Exhibit No. 2." The next day, Mr. Phillips filed a supplemental record.

On November 12, 2019, this cause was submitted for decision. In reviewing the record, the Court discovered that Mr. Phillips filed the exact five clips previously filed in this case, but this time identified them as State's Exhibit 2(1), 2(2), 2(3), 2(4), and 2(5); the other purported forty-six clips were not filed. In the briefs, both appellant and the State cite to portions of State's Exhibit 2 that are not contained in the reporter's record in this case.

On November 13, 2019, the Clerk of the Court contacted Mr. Phillips to request that he file a complete State's Exhibit 2. Mr. Phillips responded by email, stating that he has "sent all the clips" that he received during trial. Mr. Phillips further suggested that "someone needs to contact the DA's office and see if they can get a copy of their original disk."

This case cannot proceed to disposition until this issue is resolved.

Accordingly, we **ORDER** the trial court to conduct a hearing at which Joseph E. Phillips is present. At the hearing, the trial court shall determine whether State's Exhibit 2, filed in this case, is the complete exhibit admitted at trial. If it is, the trial court shall make a finding to that effect. If the exhibit filed in this Court is not the complete exhibit, the trial court shall further determine (1) whether appellant timely requested a reporter's record; (2) whether, without appellant's fault, State's Exhibit 2 has been lost or destroyed; and (3) whether the lost or destroyed exhibit can be replaced by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

We **ORDER** the trial court to transmit a supplemental record containing written findings of fact, any orders, and any supporting documentation to this Court no later than December 5, 2019.

We **DIRECT** the Clerk to send copies of this order to the Honorable Jennifer Bennett, Presiding Judge, 265th Judicial District Court; Joseph E. Phillips, former official court reporter, 265th Judicial District Court; Georgina Ware, current official court reporter, 265 Judicial District Court; and to counsel for all parties.

The appeal is **ABATED** to allow the trial court to comply with this order. The appeal shall be reinstated on December 4, 2019 or when the findings are received, whichever is earlier.


/s/     KEN MOLBERG
        PRESIDING JUSTICE